# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**CHARLES J. CAMPBELL,**

            Petitioner,

    v.                                  CASE NO. 10-3086-SAC

**RICK COURSEY, et al.,**

            Respondents.

## O R D E R

This matter is before the court on a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254, filed in the United States District Court in the District of Oregon by a prisoner incarcerated in Oregon in a state correctional facility. The District of Oregon granted petitioner leave to proceed in forma pauperis, and transferred the matter to the District of Kansas because petitioner was challenging a Kansas conviction based on petitioner's trafficking of contraband in prison in 2002 for which petitioner had been disciplined.

Having reviewed the record, the court directs petitioner to show cause why this action should not be dismissed as time barred, as it appears clear on the face of the petition that petitioner did not file this action within the one year limitation period imposed by 28 U.S.C. § 2244 for seeking habeas corpus relief under § 2254.

As amended in 1996 by the Antiterrorism and Effective Death

Penalty Act, 28 U.S.C. § 2244 reads:

> "(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect tot he pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

28 U.S.C. § 2244.

Here, petitioner states he entered a guilty plea in his Reno County criminal case in April 2003, apparently on one or more charges related to conduct for which he was disciplined while in prison.[1] Petitioner states he discovered at some later unspecified date a 1998 Oklahoma case that held the filing of a formal criminal charge following prison discipline for the same behavior can violate

---

[1] Petitioner states a search of his cell in December 2002 resulted in petitioner being administratively charged with Possession of Dangerous Contraband. The disciplinary sanction imposed included the loss of good-time credits, administrative segregation, and a $20 fine.

2

the Double Jeopardy Clause.[2] Petitioner states he immediately filed an "appeal" in his Reno County case, presumably a post-conviction motion under K.S.A. 60-1507, claiming his defense attorney in that case was ineffective in not seeking dismissal of the criminal charges based on double jeopardy. The Reno County district court dismissed that post-conviction motion on December 10, 2008. Petitioner also cites an original state habeas corpus action, K.S.A. 60-1501, filed directly in the Kansas Supreme Court in August 2008, which that court summarily denied in January 2009. Petitioner also states he raised a double jeopardy claim in a mandamus petition filed in the Kansas Supreme Court in September 2008, which that court dismissed in June 2009.

However, there is nothing to suggest petitioner pursued relief in the Kansas Courts within the one year period from his 2003 criminal conviction as provided by § 2244(d)(1)(A); petitioner alleges no state action that prevented him from proceeding in a timely manner on his double jeopardy claim, § 2244(d)(1)(B); petitioner's double jeopardy claim is not based on his discovery of law decided by the United States Supreme Court after his 2003 conviction, § 2244(d)(1)(C); and his double jeopardy claim is based on a legal argument existing at the time rather than on a factual predicate not yet discovered through due diligence, § 2244(d)(1)(D).

---

[2]See State v. Campbell, 965 P.2d 991 (Okla.Crim.App. 1998)(double jeopardy doctrine barred criminal prosecution for prisoner's escape following prison disciplinary proceedings for same escape, where under Oklahoma law the imposition of $50 disciplinary fine substantively altered the conditions of prisoner's original sentence).

Thus it appears petitioner did not file his action within one year of any of the dates provided by § 2244(d)(1), and his resort to state court filings after the § 2244(d)(1) limitation period expired had no tolling effect on the running of that limitation period. *See* Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001)(application for state post-conviction relief filed after expiration of one-year limitations period has no tolling effect), *cert. denied*, 535 U.S. 1034 (2002). Nor is there any showing on the face of the complaint to suggest the extraordinary circumstances and diligence required to show petitioner would be entitled to equitable tolling of the § 2244(d)(1) limitation period. *See* Garcia v. Shanks, 351 F.3d 468, 473 n. 2 (10th Cir. 2003)(equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control")(internal quotations omitted).

Accordingly, petitioner is directed to show cause why this action should not be dismissed as untimely filed.[3]

IT IS THEREFORE ORDERED that petitioner is granted twenty (20) days to show cause why the petition for habeas corpus relief under 28 U.S.C. § 2254 should not be dismissed as time barred.

---

[3] The court further notes that even if timely filed, the petition would be subject to being summarily dismissed because petitioner's claim has no legal merit. It is well established in the Tenth Circuit that prison disciplinary proceedings do not implicate double jeopardy concerns for subsequent criminal proceedings. *See* Fogle v. Pierson, 435 F.3d 1252, 1261-62 (10th Cir. 2006).

**IT IS SO ORDERED.**

DATED:   This 14th day of July 2010 at Topeka, Kansas.



 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge