## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**CHARLES J. CAMPBELL,**

                **Petitioner,**

    v.                                                **CASE NO. 10-3086-SAC**

**RICK COURSEY, et al.,**

                **Respondents.**

## **O R D E R**

Petitioner proceeds pro se and in forma pauperis on a petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner was convicted in 2003 on his plea of guilty to the felony charge of trafficking in contraband in prison. In this habeas action, petitioner claims that criminal prosecution and conviction violated his rights under the Double Jeopardy Clause because petitioner had been previously disciplined and sanctioned for the same behavior.

The court directed petitioner to show cause the instant petition, filed in 2010, should not be dismissed as time barred as it appeared clear on the face of the petition that petitioner did not file this action within the one year limitation period imposed by 28 U.S.C. § 2244 for seeking habeas corpus relief under § 2254. Having reviewed petitioner's response, the court dismisses the petition.

### **Discussion**

A one-year statute of limitations governs § 2254 petitions. 28

U. S.C. § 2244(d)(1). Generally, the limitations period begins to run on the date the petitioner's conviction and sentence "bec[omes] final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In this case, petitioner also points to an alternative statutory triggering date under § 2244(d)(1)(D), which runs the limitation period from the date the factual predicate of his double jeopardy claim could have been discovered through the exercise of due diligence.

For purposes of § 2244(d)(1)(A), petitioner's criminal trafficking conviction became final in 2003 when the time for seeking state court review of that conviction expired. 28 U.S.C. § 2244(d)(1)(A). Because petitioner initiated no further action in the state courts within a year, the statutory tolling provisions in § 2244(d)(2) are not applicable, and the time for seeking federal habeas corpus review under § 2254 expired in 2004. Petitioner's resort to various state court filings after the § 2244(d)(1) limitation period expired had no tolling effect. See *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir.2001)(application for state post-conviction relief filed after expiration of one-year limitations period has no tolling effect), *cert. denied*, 535 U.S. 1034 (2002).

Petitioner relies on a 1998 case in which the Oklahoma Court of Criminal Appeals affirmed the state district court's finding that double jeopardy barred criminal prosecution of the defendant for attempted escape where the defendant had been previously disciplined and sanctioned for the same conduct. See *State v. Campbell*, 965 P.2d 991 (Okl.Cr.App.1998). Although petitioner cites being held

2

in administrative segregation from 2002 to 2009 with limited access to legal resources or his files, and his 2008 discovery of the 1998 Oklahoma case, this belated discovery of pre-existing case law at the time petitioner entered his guilty plea is insufficient to trigger the running of the federal limitation period under § 2244(d)(1)(D).

Petitioner clearly was aware when he entered his plea in his criminal case that he had been previously administratively sanctioned in a prison disciplinary action regarding the same behavior. Accordingly, the factual predicate of his double jeopardy claim was known at the time, see *Preston v. Gibson*, 234 F.3d 1118 (10th Cir.2000), and any legal support *Campbell* may have provided for such a claim could have been discovered through the exercise of due diligence before he entered his plea, or before the time for seeking federal habeas corpus review had expired.

The court thus finds the running of the § 2244(d)(1) limitation period in this case is triggered by § 2244(d)(1)(A) rather than § 2244(d)(1)(D), and finds petitioner's habeas is not timely filed. The court further finds petitioner has not demonstrated the extraordinary circumstances and due diligence required for equitably tolling the limitation period, see *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998), and concludes the petition should be dismissed as time barred.[1] See also *Gibson v. Klinger*, 232 F.3d 799, 808 (10th

---

[1]Even if this habeas application were not time barred, petitioner is reminded that the constitutional ban on double jeopardy is applicable only to proceedings that are "essentially criminal" in nature, see *Helvering v. Mitchell*, 303 U.S. 391, 398 (1938), and it is settled in the Tenth Circuit that double jeopardy protections are not implicated in administrative prison disciplinary

Cir.2000)("a claim of insufficient access to relevant law ... is not enough to support equitable tolling").

IT IS THEREFORE ORDERED that the petition is dismissed as time barred.

**IT IS SO ORDERED.**

DATED: This 20th day of October 2010 at Topeka, Kansas.

                                                     s/ Sam A. Crow
                                                    SAM A. CROW
                                                    U.S. Senior District Judge

---

proceedings. See *Fogle v. Pierson*, 435 F.3d 1252, 1261-62 (10th Cir.2006); *Lucero v. Gunter*, 17 F.3d 1347, 1351 (10th Cir.1994). See also *United States v. Rising*, 867 F.2d 1255, 1259 (10th Cir.1989)("It is well established in this Circuit that administrative punishment imposed by prison officials does not render a subsequent judicial proceeding criminal in nature, violative of the double jeopardy clause.")(citations omitted).