IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHARLES J. CAMPBELL,**

       **Petitioner,**

  v.            CASE NO. 10-3086-SAC

**RICK COURSEY, et al.,**

       **Respondents.**

**O R D E R**

Petitioner filed the instant action seeking habeas corpus relief under 28 U.S.C. § 2254 regarding his 2003 conviction in Kansas for trafficking contraband. Petitioner claimed the criminal prosecution and conviction violated his rights under the Double Jeopardy Clause because he had been previously disciplined and sanctioned for the same behavior.

The court reviewed the record and directed petitioner to show cause why the petition should not be summarily dismissed as clearly time barred. See 28 U.S.C. § 2244(d)(1)(imposing one year limitation period for filing § 2254 petition). Upon consideration of petitioner's response, the court found the only applicable date for triggering the one year limitation period in petitioner's case was the date petitioner's conviction became final in 2004. 28 U.S.C. § 2244(d)(1)(A). By an order and judgment entered on October 20, 2010, the court dismissed the petition as time barred.

Before the court is petitioner's MOTION FOR EXTENSION OF TIME IN WHICH TO RILE A MOTION FOR REHEARING AND A TOLLING OF TIME FOR THE FILING OF THIS MOTION (Doc. 14). The court liberally construes this pleading as presenting in part a motion for reconsideration, and in part a request for an extension of time to either file the motion or to supplement the motion with a supporting memorandum.

A motion for reconsideration of a judgment is treated as a motion under Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend the judgment, or a motion under Rule 60(b) for relief from the judgment, depending on when the motion is filed. *See* <u>Allender v. Raytheon Aircraft Co.</u>, 439 F.3d 1236, 1242 (10th Cir. 2006)("Whether a motion is construed as a Rule 59(e) or Rule 60(b) motion depends upon the time in which the motion is filed. If a motion is served within [28] days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time it falls under Rule 60(b)." (internal quotation marks omitted)). Assuming compliance with the prisoner mailbox rule,[1] petitioner filed the instant motion on November 22, 2010, when he certified that he placed the motion in prison mail.

---

[1] See *Houston v. Lack*, 487 U.S. 266 (1988)(under prison mailbox rule, an inmate's motion is deemed filed at the time he delivers it to the prison authorities for forwarding to the court).
To establish a timely filing under the mailbox rule, an inmate must allege and prove timely use of the prison's legal mail system if a satisfactory system is available. If no legal mail system is available, then an inmate must allege and prove timely use of the prison's regular mail system, combined with a notarized statement or declaration under penalty of perjury of the date the documents were given to prison authorities, and attesting that postage was prepaid. *Price v. Philpot*, 420 F.3d 1158, 1166 (10th Cir.2005).

Because this is greater than the 28 days now provided for filing a motion under Rule 59(e), the court treats petitioner's motion as filed under Rule 60(b) seeking relief from judgment.

Petitioner's request for an extension of time or tolling is unclear. To the extent petitioner may be seeking to extend or "toll" the 28 day period for filing a motion under Rule 59(e), any such request is denied. See Fed.R.Civ.P. 6(b)(2)(a court may not extend the time for filing a 59(e) motion). To the extent petitioner seeks an extension of time to supplement his Rule 60(b) motion for relief from judgment, the court will grant petitioner a limited amount of time to do so.

IT IS THEREFORE ORDERED that petitioner's motion (Doc. 14) is liberally construed by the court as seeking relief under Rule 60(b) from the judgment entered in this matter.

IT IS FURTHER ORDERED that petitioner's motion for an extension of time (Doc. 14) is granted in part to allow petitioner thirty (30) days to supplement his Rule 60(b) motion for relief from judgment.

**IT IS SO ORDERED.**

DATED: This 1st day of December 2010 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge